ShackelpoRD, J-,
delivered the opinion of the Court.
This is a bill, filed by the complainants against the defendant, to recover' certain slaves. The facts, substantially, are as follows:
In 1828, John Minor, of Greeneviile, North Carolina, having a daughter, who had intermarried with Benjamin Bearden, then a citizen of Tennessee, executed the following paper: “I, John Minor, Sr., of Greeneviile County, North Carolina, send, by William Sanders, to you, (meaning the said Elizabeth Bearden,) one negro boy, named Major.. He was horn February 10, 1819. Also, I send you one negro girl, named Chaney. She was horn the 4th day of November, 1814. Which two negroes, I place the right and title of, in my daughter, *136 .Betsey Bearden’s children, heirs of her body; and I appoint her their guardian, to manage for them — hire out, if she pleases, or keep them until she pleases to deliver them to her children.”
In the year 1833, Bearden and wife sold and delivered to the defendant, for $450, the girl Chaney, and executed a bill of sale to him; Mrs. Bearden stating, at the time, the slave was the property of her children, and they would sue him some day; the defendant replying, he would risk the title. The bill was filed 3d of April, 1861. The defendant demurred to the bill, and for cause, the allegations show the defendant barred by the Statute of limitations. The Chancellor allowed the demurrer, and the complainants appealed to this Court.
"We are satisfied there is no error in the decree of the Chancellor. The instrument under which the complainants claim the slaves was a gift, and vested in prcesenti in the children of Mary Bearden, then in being. Gifts inter vivos have no reference to the future, and go into immediate and absolute effect: 2 Kent, 438. There must be some person in being to accept, and a concurrent will: 2 Kent, 437-38-39.
The words “heirs of her body,” are descriptive of the persons who are to take; and being a gift, only those of her children then in being could take. The legal title vested in the: children, by the terms of the gift, subject to the use of Elizabeth Bearden. The rule of construction in cases of Wills, is, that an immediate gift to children, (that is, a gift to take effect in possession, on the testator's decease,) whether it be to the *137 children of a living or a deceased person, and whether to children simply, or to all the children, or whether there he a gift over, in case there he a decease of any of the children under age or not, comprehends the children living at the testator’s death, and those only: 2 Jar. on Wills, 55. To let in children born after the testator’s death, there must he some subsequent period of distribution fixed, or it must depend on some contingency, and not to he left indefinite: 2 McOard’s Chan. Rep., 440; 4 Page, 47. See Grey vs. Satterfield, 11 Hum., 58; 4 Sneed, 101 and 102, in which the children born at the date of the deed, took. Apply the principles of the law thus settled, to the case now before the Court.
The children of Elizabeth Bearden living in 1828, (the date of the gift,) took the absolute estate in the slaves, Major and Chaney; and according to the principles settled by this Court, in the case of Benton vs. Pope, 5 Hum., 392, the legal title vested in them. Elizabeth Bearden had the use of the property, the right to contract it, with no estate. Her possession was lawful. She could not have been sued. It was a mere custody of a personal character, and not hostile to the complainants; but as soon as she and her husband conveyed the property, the holding of the property became hostile, and the Statute of limitations commenced running, from the date of the bill of sale to defendant; and according to the well established principles of the law, the complainants in being at the date of the gift, in 1828, all being minors, had three years to commence their suit, after the youngest became of age, and the *138 suit in this case not having been commenced until 1861, (more than thirty years having elapsed,) the Statute of limitations has barred the claim of the complainants.
There is no error in the decree of the Chancellor, and it will be affirmed.